UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID W. NAIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:05-CV-376-TS |
| v. | ) |
| | ) |
| PAMELA NAIL OLMSTEAD and | ) |
| GLORIA BOLINO, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

David W. Nail, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Nail alleges that his former wife and her attorney conspired to, and did, intercept his electronic wire transmissions without his consent and used them in his divorce case. This is not the first case that Mr. Nail has brought related to the circumstances surrounding the dissolution of his marriage. *See Nail v. Gaudio*, 1:04-CV-793 (W.D. MICH. filed November 26, 2004); *Nail v. Fed. Labor Rel. Auth.*, 1:05-CV-157 (W.D. MICH. filed March 4, 2005); and *Nail v. Veterans Admin.*, 1:05-CV-116 (N.D. Ind. filed March 31, 2005).

Mr. Nail does not allege and, on the basis of this complaint and his other filings in the federal courts, it would not be reasonable to infer that no other party to the intercepted electronic wire transmission gave their permission. It is lawful for persons to record a conversation to which they are a party unless the recording is done for a criminal or tortious purpose. 18 U.S.C. § 2511(2)(d) and *By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956 (7th Cir. 1982). Though it may have been prejudicial to Mr. Nail, the use of such a recording during a divorce proceeding or for the purpose of obtaining a restraining order is neither criminal nor tortuous.

Mr. Nail alleges that various procedural and due process errors occurred during his state divorce proceeding, including improper service of process upon him, the filing of *ex parte* motions against him, and the abrogation of privileges and immunities. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971), requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism. *Moore v. Sims*, 442 U.S. 415 (1979), extended the *Younger* doctrine to include the removal of child custody cases. So too, divorce proceedings are beyond the scope of a federal court. Additionally,

> [t]he Rooker-Feldman doctrine [*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)] . . . establish[es] the fact that lower federal courts do not have jurisdiction to conduct direct review of state court decisions. Furthermore, the Rooker-Feldman principle extends to claims that are inextricably intertwined with the state-court judgment such that the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. The pivotal question, then, is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. To put it another way, the key inquiry is whether the district court is in essence being called upon to review the state-court decision.

*Lewis v. Anderson*, 308 F.3d 768, 771-2 (7th Cir. 2002) (citations and quotation marks omitted.. Both the Younger doctrine and the Rooker-Feldman doctrine prohibit this court from reviewing Mr. Nail's state court proceeding. Any remedy he may have for these alleged violations lies solely with the state trial and appellate courts.

Finally, Mr. Nail alleges that his former wife and her attorney released confidential medical information when he was informed that a third party had a communicable disease which might have been transmitted to him. If true, Mr. Nail lacks standing to assert the rights of the third party whose medical information was allegedly improperly disclosed to him. "[S]tanding encompasses the general prohibition on a litigant's raising another person's legal rights." *Elk Grove Unified Sch. Dist. v . Newdow*, 542 U.S.1, 17 (2004) (quotation mark omitted).

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A and the clerk is DIRECTED to send a copy of the complaint and a copy of this order to the defendants so that they are aware of Mr. Nail's unsuccessful attempt to bring this lawsuit against them.

SO ORDERED on January 10, 2006.

    S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT